[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14878
Non-Argument Calendar
_____

D.C. Docket No. 0:07-cr-60143-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD WARE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 23, 2013)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Reginald Ware, a federal prisoner proceeding *pro se*, appeals the district

court's denial of his post-judgment motion to withdraw his plea because the

government did not file a motion recognizing his substantial assistance under Fed.R.Crim.P. 35(b) ("Rule 35(b)"), in relation to his conviction for possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). For the reasons set forth below, we affirm the district court's denial of Ware's motion to withdraw his plea.

I.

In 2007, Ware pled guilty pursuant to a written plea agreement to possession with intent to distribute cocaine. In 2012, Ware filed a motion requesting the district court to allow him to withdraw his guilty plea on the grounds that the government breached his plea agreement by failing to make the extent of Ware's cooperation known to the court at sentencing and failing to file a motion to reduce his sentence based on his substantial assistance to the government. The district court denied Ware's motion because, as the government had the sole discretion to decide whether Ware had provided substantial assistance, he had to show the denial of a constitutional right to prevail. However, he had failed to allege that the government refused to move for a reduction of his sentence because of an unconstitutional motivation. Ware filed a motion to reconsider the court's order denying his motion, which the district court denied.

2

## II.

On appeal, Ware argues that the district court erred in denying his motion to withdraw his plea. He contends that the government breached his plea agreement by failing to make the extent of his cooperation known to the court at sentencing, by failing to file a U.S.S.G. § 5K1.1 motion prior to sentencing, and by failing to file a Rule 35 motion after sentencing. He claims that, as the government had conceded in a letter that it had begun an investigation into drug-trafficking activity based on information Ware had provided and had prosecuted several individuals based on its investigation, the government was obligated to file a substantial-assistance motion. Ware further argues that the district court abused its discretion by denying his motion for reconsideration.

Whether the government breached a plea agreement is a question of law that we review *de novo*. *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008). We also review *de novo* whether the district court has the authority to compel the government to file a substantial-assistance motion. *See United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993) (concerning the authority of the court to depart downward in the absence of a substantial-assistance motion in the context of § 5K1.1). We review the denial of a motion for reconsideration for abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). *Pro se* pleadings are construed liberally. *Tannenbaum v. United States*, 148 F.3d 1262,

3

1263 (11th Cir. 1998).

In *Santobello v. New York*, the Supreme Court held that, when a plea rests in any significant degree on a promise by the government, such that it can be said to be part of the inducement or consideration for the plea, such a promise must be fulfilled.  404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971).  Where the government fails to fulfill a promise that induced a guilty plea, the court that sentenced the defendant has the discretion to fashion an appropriate remedy, such as allowing the defendant to withdraw his guilty plea or ordering specific performance.  *Id.* at 262-63, 92 S.Ct. at 499.  However, where a plea agreement requires the government only to "consider" filing a substantial-assistance motion and places the decision "solely" in the hands of the government, the government has not failed to fulfill any promise.  *See Forney*, 9 F.3d at 1499-1500 (addressing government's refusal to file a § 5K1.1 motion).  Under these circumstances, the Supreme Court has held that federal courts only have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive.  *United States v. Wade*, 504 U.S. 181, 185-86, 112 S.Ct. 1840, 1843-44, 118 L.Ed.2d 524 (1992) (addressing government's refusal to file a § 5K1.1 motion).  Thus, judicial review is appropriate only where there is an allegation and a substantial showing that the government refused to file a substantial-assistance motion because of a

4

constitutionally impermissible motivation. *Forney*, 9 F.3d at 1502. Otherwise, courts are precluded from intruding into prosecutorial discretion. *Id.* at 1501.

Here, the district court properly denied Ware's 2012 motion. In his plea agreement the government reserved the right to make his cooperation known to the court at the time of sentencing, and the government did not agree to inform the court as to Ware's cooperation at sentencing. The government also did not agree to file a § 5K1.1 or Rule 35(b) motion in his plea agreement, but rather indicated that its decision concerning the motion was in its sole and unreviewable discretion. At his plea hearing, Ware indicated that he had discussed the terms of his plea agreement with his counsel and understood the agreement's terms. Thus, Ware failed to show that the government failed to fulfill a promise that induced his guilty plea, and he is not entitled to any relief under *Santobello*. *See Santobello*, 404 U.S. at 262-63, 92 S.Ct. at 499; *Forney*, 9 F.3d at 1499-1500. Moreover, Ware did not make any allegation in the instant motion or on appeal that the government refused to file a substantial-assistance motion on the basis of a constitutionally impermissible motivation. Thus, the district court lacked the authority to review the government's decision not to file a substantial-assistance motion, and the court did not err in denying his motion. *Forney*, 9 F.3d at 1502. As the court did not err in denying his motion, the court also did not abuse its discretion in denying his motion for reconsideration of the denial of his motion.

For the foregoing reasons, we affirm the district court's denial of Ware's motion to withdraw his plea.

**AFFIRMED.**