[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10373
Non-Argument Calendar

_____

D.C. Docket No. 0:07-cr-60143-JIC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD WARE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 18, 2014)

Before WILSON, WILLIAM PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Reginald Ware, proceeding pro se, appeals the district judge's denial of his

post-conviction motion for a writ of mandamus to compel the government to

specifically perform its obligation under Ware's 2007 plea agreement to recommend a sentence within Ware's advisory Sentencing Guidelines range. We affirm.

## I. BACKGROUND

A. <u>Underlying Plea and Sentencing</u>

In June 2007, a federal grand jury indicted Ware for possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count 1); possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 2); and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Count 3). In October 2007, Ware signed a plea agreement, in which he agreed to plead guilty to Count 1, and the government agreed to seek the dismissal of Counts 2 and 3 at sentencing. The agreement further provided:

> The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines. Although not binding on the probation office or the court, the United States and the defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case.

R. at 179.

2

Ware also agreed to cooperate fully with the government, in return for which the government would consider whether his cooperation warranted a motion for a sentence reduction based on substantial assistance, under U.S.S.G. § 5K1.1, Federal Rule of Criminal Procedure 35, or both.  Ware's plea agreement contained a sentence appeal waiver, under which Ware agreed to waive his rights (1) to appeal his sentence, unless it exceeded the statutory maximum or the Guidelines range established by the district judge at sentencing, or the government appealed; and (2) to collaterally attack his sentence under 28 U.S.C. § 2255.

During Ware's plea proceeding, he testified he had understood and signed his plea agreement, which he had fully discussed with his attorney.  The district judge reviewed the sentence appeal waiver, and Ware similarly testified he understood the appeal waiver and had discussed it with his attorney.  The district judge found Ware had "knowingly, intelligently, and voluntarily waive[d] his right to appeal either directly or collaterally th[e] court's sentence."  R. at 371-72.  Ware pleaded guilty to, and the district judge adjudged him guilty of, Count 1.

Ware's presentence investigation report ("PSI"), which applied the November 2007 Guidelines Manual, calculated a base offense level of 32, under U.S.S.G. § 2D1.1(a)(3), because the offense involved the equivalent of a total of 1,159.07 kilograms of marijuana.  The probation officer determined Ware was a career offender, under U.S.S.G. § 4B1.1, based on prior Florida convictions for

3

armed robbery, aggravated battery, and escape.  Because the statutory maximum penalty for his crime was a life sentence, the PSI assigned an offense level of 37, under § 4B1.1(b).

The PSI calculated 11 criminal-history points and a criminal history category of IV, based on his 3 prior convictions, as well as prior Florida convictions for aggravated assault, battery on a law enforcement officer, and resisting an officer with violence.  Because Ware was a career offender, the PSI assigned a criminal history category of VI, under § 4B1.1.  The PSI also reported unscored prior convictions for cocaine trafficking, carrying a concealed firearm, resisting arrest with violence, and armed robbery, as well as several traffic offenses.

Based on an offense level of 37 and a criminal history category of VI, the PSI calculated a Guidelines range of 360 months to life imprisonment.  Ware was subject to a statutory term of 10 years to life imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A).  Ware initially objected to the accuracy of his criminal history as reported in the PSI.  During his February 2008 sentencing hearing, however, he withdrew those objections and explained, through counsel: "[W]e verified everything and it's fine."  Sentencing Hr'g at 3 (Feb. 6, 2008).  The district judge granted Ware a 2-level acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1 and calculated a total offense level of 35, a criminal history category of

VI, and a resulting Guidelines range of 292-365 months of imprisonment. The judge sentenced Ware to 292 months of imprisonment, to be followed by 5 years of supervised release, and dismissed Counts 2 and 3. Ware did not appeal his conviction judgment.

 B. Post-Conviction Motions, 2009-2012

In February 2009, Ware filed a counseled motion to vacate, under 28 U.S.C. § 2255. He argued the district judge improperly had sentenced him as a career offender, because all of his predicate convictions had the same arrest and sentencing date, and the sentences for each ran concurrently. He also asserted none of his remaining convictions qualified as career-offender predicates. Ware further contended the government had breached his plea agreement by failing to file a motion for a sentence reduction based on substantial assistance.

The government conceded Ware's PSI improperly had based his career-offender status on prior convictions that had not been separated by intervening arrests, and which had been consolidated for sentencing. The government argued Ware's career-offender claim was barred by his appeal waiver, was not cognizable in a § 2255 proceeding, and was procedurally barred because of Ware's failure to raise it on direct appeal. The government also contended Ware qualified as a career offender, based on several other convictions reported in his PSI, and Ware's substantial-assistance claim was meritless.

The district judge denied Ware's § 2255 motion in May 2009. Regarding Ware's career-offender claim, the judge concluded (1) Ware had waived his right to challenge his sentence collaterally; and (2) regardless, the claim was procedurally barred and was not cognizable on collateral review. The judge further determined the government had not breached Ware's plea agreement because the government had retained the sole discretion to decide whether to file a substantial-assistance motion. Both the district judge and a judge of this Court denied a certificate of appealability.

In June 2009, Ware filed a pro se motion for specific performance of his plea agreement, under 28 U.S.C. § 1361 and Federal Rule of Criminal Procedure 11(e)(3) (2001). He sought (1) a writ of mandamus compelling the government to fully evaluate his post-sentencing cooperation to determine in good faith whether a sentence reduction was warranted, and (2) a reduced sentence of no more than 140 months. The district judge denied Ware's motion, because the judge previously had addressed the same request in Ware's § 2255 proceeding, and Ware had not alleged an unconstitutional motive by the government in failing to move for a sentence reduction. Ware did not appeal.

In September 2011, Ware filed a pro se "Motion for Performance of Sentence Based on Substantial Assistance," in which he argued the government had refused to move for a sentence reduction for reasons that were not rationally

6

related to a legitimate government purpose.  ROA at 389.  The district judge

denied Ware's motion, because the judge previously had addressed the same claim

several times, and Ware had not alleged an unconstitutional motive by the

government.  We dismissed Ware's appeal of this order for failure to prosecute in

March 2012.  *United States v. Ware*, No. 12-10516 (11th Cir. Mar. 1, 2021).

In June 2012, Ware filed a pro se motion to withdraw his guilty plea,

because the government had breached his plea agreement by failing to make the

extent of his cooperation known to the judge at sentencing and by failing to move

for a sentence reduction.  The district judge denied Ware's motion, since he had

not alleged an unconstitutional motive by the government.  We affirmed in April

2013.  *United States v. Ware*, 517 F. App'x 830 (11th Cir. 2013) (per curiam).

C. Motion to Compel Specific Performance

In August 2013, Ware filed his pro se "Motion to Compel . . . Specific

Performance of Plea Agreement," under 28 U.S.C. § 1361, which is at issue on

appeal.  ROA at 592.  He asserted his PSI incorrectly had designated him as a

career offender based on three prior convictions that were not separated by

intervening arrests.  Moreover, Ware argued the PSI incorrectly scored those

convictions in determining his criminal history category.  As a result, his non-

career-offender Guidelines range should have been 121-151 months of

imprisonment, based on an offense level of 30, 6 criminal-history points, and a

7

criminal history category of III.  He argued, the government had breached his plea agreement by recommending that he be sentenced within his career-offender Guidelines range, which was an upward departure from his correct Guidelines range.  Ware further contended the government's failure to object to the PSI barred it from seeking to rely on other convictions to support his career-offender status.  Finally, Ware argued the district judge had the authority to issue a writ of mandamus to compel the government to act under § 1361, since Ware had a clear right to relief, the government had a duty to fulfill its obligations under his plea agreement, and Ware had no other adequate remedy because of his appeal waiver.  He asked the judge to order specific performance of his plea agreement or allow him to withdraw his guilty plea.

The district judge denied Ware's motion without requiring a response from the government.  The judge concluded both this Court and the district judge previously had addressed the issues raised in Ware's motion.  The judge again determined Ware had failed to allege a constitutionally impermissible consideration had motivated the government not to file a substantial-assistance motion.  The judge further concluded Ware's request for mandamus relief under § 1361 did not cure this deficiency.  The judge did not address Ware's career-offender claim.

Ware argues pro se on appeal the district judge abused his discretion by denying Ware's motion to compel specific performance.  Based on the government's admissions during his § 2255 proceeding, Ware argues his applicable Guidelines range was 168-210 months of imprisonment, rather than the higher range relied on by the judge during his sentencing.  Under the plain language of his plea agreement, he asserts he has a clear right to have the government recommend a sentence within the lower range, and the government has a clear duty to act to do so.  Ware argues, he has no other adequate remedy because of  his appeal waiver, which did not relieve the government of its obligation to recommend a sentence within his applicable Guidelines range.

## II. DISCUSSION

Because Ware sought relief under § 1361, his motion to compel specific performance is a petition for a writ of mandamus, and the district judge's denial of the petition is reviewed for abuse of discretion.  *See* 28 U.S.C. § 1361; *Kerr v. U.S. Dist. Ct., N.D. Cal.*, 426 U.S. 394, 403, 96 S. Ct. 2119, 2124 (1976).  Federal district judges have original jurisdiction over any mandamus action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to" the party seeking relief.  28 U.S.C. § 1361.  "Mandamus is an extraordinary remedy available only in the clearest and most compelling of cases." *Serrano v. U.S. Att'y Gen.*, 655 F.3d 1260, 1263 (11th Cir. 2011) (per curiam).

9

Mandamus is appropriate only if (1) the party seeking relief has a clear right to the relief requested; (2) the opposing party has a clear duty to act; and (3) no other adequate remedy is available. *See id.* The party seeking mandamus has the burden of showing "his right to the writ is clear and indisputable." *Id.* We may affirm for any reason supported by the record, even if not relied upon by the district judge. *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012).

Regardless of the district judge's failure to address Ware's career-offender argument, the judge did not abuse his discretion in denying Ware's mandamus petition. Ware failed to show both a clear right to the relief requested and that the government had a duty to act. *See id.*; *Serrano*, 655 F.3d at 1263. Ware's plea agreement obligated the government to recommend a sentence "within the advisory sentencing guideline range produced by application of the Sentencing Guidelines." ROA at 179. The government did so during Ware's sentencing, based on the Guidelines range as calculated by the district judge, to which neither party objected. Ware also cannot show no other adequate remedy was available, since he could have raised his career-offender argument before or during his sentencing proceeding, and he voluntarily waived his additional adequate remedies by waiving his right to appeal or collaterally attack his sentence. *See United States v. Johnson*, 541 F.3d 1064, 1068 (11th Cir. 2008) (explaining an appeal waiver includes the waiver of the right to appeal even blatant error).

10

**AFFIRMED.**

11